JACOB MASON, defendant below, *vs.* TIMOTHY SILVER, plaintiff <span>Orleans, March, 1826.</span> below.—*IN ERROR.*

It is improper to detail the testimony at length, in a bill of exceptions. The better method is, to state that testimony was *offered* or *given* to the jury, *tending to prove* the fact, upon which the opinion of the Court was predicated, which is deemed exceptionable.

*Quere*—If the Court will reverse a judgment, because testimony has been improperly permitted to go to the jury, which does not tend to turn the verdict, and which could only tend to enhance the damages in a small degree?

A judgment of the county court reversed, because the judge, in his charge to the jury, only instructed them upon the law of the case in the abstract, and did not inform them *what* facts in the cause, if found, would make a case to which the principle of law was applicable.

ERROR from a judgment of Orleans county court.

The nature of the action below, the facts appearing on the trial there, and the errors in law relied upon here, for reversing the judgment, will sufficiently appear from the following opinion of the Court, which was delivered by

HUTCHINSON, J. It appears, by the record brought up from the county court, that *Silver* brought his action against *Mason*, before a justice of the peace, for taking and selling, on execution, his, *Silver's*, only cow. This action was tried and appealed, and, on a trial before the county court, *Silver* obtained a verdict, and a bill of exceptions was filed and allowed, upon which the errors are now assigned. There was no dispute on the trial before the county court, but that *Mason* had taken and sold, upon a regular execution in his favour, against *Silver*, a certain cow he found in the possession of *Silver*, and which *Silver* before purchased of one *Davidson*. The main question was, whether this were *Silver's* only cow at the time of the attachment on *Mason's* writ, and sale on his execution?

The Court cannot but regret the intricacy attached to this question, by the spreading of the evidence upon the record in detail, as if the Court were to judge upon its weight, when in fact that is wholly within the province of the jury. These exceptions might have been reduced to a narrow compass, by merely stating, that the testimony tended to prove such and such facts, selecting those on which the charge of the Court was, or ought to have been, predicated.

The objections now urged, comprise the admission of testimony objected to, and the charge of the Court to the jury.

It appears that testimony was offered by the plaintiff, *Silver*, and objected to by *Mason*, but admitted by the Court, tending to prove that *Silver* was very destitute of property, and had a large family of children to maintain. This testimony could not be pertinent upon the question of the plaintiff's right to recover something. For a rich man's only cow is as strictly exempted from execution as that of a poor man. It could not be pertinent or necessary to entitle *Silver* to recover the value of the cow, for that depended upon the question of her being his only cow. It could not be pertinent as entitling *Silver* to aggravated damages, because it was not set up in the writ for that purpose

and the other party was not obliged to come prepared to meet such testimony. The Court consider this testimony ought to have been excluded. But, it is so remote in its tendency, and the charge of the Court placed the merits of recovery so entirely upon another ground, and the damages are not so high as to have been greatly enhanced by this testimony, it is doubtful whether we ought to reverse the judgment upon this ground merely. If the law of the whole case were clearly on the side of the original plaintiff, it would be an injury to the original defendant to succeed in reversing this judgment, for the sake of his chance to diminish the damages on another trial.

We will now advert to the charge of the Court upon the main question in dispute, to wit, whether *Silver* was owner of any other cow at the time *Mason* took away the Davidson cow by his attachment, and sold her on execution? There was testimony went to the jury, which, if they believed the witnesses, warranted their finding the following facts: that some time in August, 1823, *Mason*, the present plaintiff in error, sold to *Silver* a cow; that some time in October following, *Silver* delivered this cow to one *Coburn*, in exchange for one other cow then delivered him by said *Coburn*, who was to give *Silver* three pecks of corn as boot, but which was never paid; that on the 12th of November following, *Mason* attached the *Davidson* cow, by virtue of his writ against *Silver*, the cow that came from *Coburn* being then in possession of *Silver*; that *Silver*, a little before this, told *Moses Mason* he owned two cows, and offered to sell him either of these in his possession; that as late as the 15th of said November, *Silver* drove the *Coburn* cow back and presented *Coburn* with the line stated from *Harvey Scott*, sheriff, claiming to have back the *Mason* cow, on account of some prior attachment on a writ against *Silver*. *Coburn* changed back, and sheriff *Scott*, about the last of December or first of January following, sold her at publick vendue to a Mr. *Corey*, who furnished milk for *Silver's* family a few days, and then *Corey* swapped with *Coburn* again, and let to *Silver* for the following summer, at four dollars, the cow he had of *Coburn*. After this sale by sheriff Scott, the *Davidson* cow was sold upon *Mason's* execution.

Now it is evident from the above statement of facts, that, if sheriff *Scott* had attached, by any writ, the *Mason* cow, before *Silver* passed her to *Coburn*, he must have left her in possession of *Silver*, and when *Silver* had exchanged with *Coburn*, the one he had of *Coburn* was in his possession, under his control, and both that and the *Davidson* cow were his in such a sense, that a creditor taking either of them did not take his only cow. And *Mason* was warranted in taking the one he took, and the claim set up by sheriff *Scott*, had it been ever so valid as against *Silver*, and the change back of the cows with *Coburn*, at least three days after *Mason's* attachment, could have no effect to defeat *Mason's* attachment. So that, upon the facts that might well be found by the jury, *Mason* had a right to recover, even if sheriff *Scott* acted under a regular writ and execution against *Silver*.

But there was no evidence before the Court and jury that Mr. *Scott* was ever clothed with any such process. He appears in the character of an individual without legal process.

Now what was the charge of the Court as the law arising upon the foregoing facts? So far as relates to the want of evidence of Mr. *Scott's* having any legal process under which he acted, the charge was correct. It also correctly laid down an abstract principle of law, that "when a creditor causes the property of his debtor to be attached, and leaves it in the hands of such debtor, it was no bar to a subsequent attaching creditor." Had the Court stopped here, and applied this principle to the case, and said no more, probably the jury would have decided the cause the other way; at least, they might have so done. But the Court proceed to charge the jury, "that the cause was narrowed down to one point; that, if they should find, on weighing the whole of the evidence, that at the time when *Mason* attached *Silver's* cow, that was the only cow he then did own, then they would find damages for the plaintiff; but if he had more than one cow, then to find for the said *Mason* his cost." It is obvious that this part of the charge lets the whole cause rest upon the question of *Silver's* being the owner of two cows, without any suitable instruction what was intended by ownership, as applied to this case. It leaves the law and the fact to the jury, in a mixed, confused state. The Court ought to have instructed the jury, that if they believed the witnesses in their testimony about *Mason's* selling a cow to *Silver*, and the latter's exchanging with *Coburn*, and his having another of *Davidson*, and both being in his possession at the time of the attachment by *Mason*, they would consider that *Silver* then had and owned two cows, and *Mason* had a right to attach one of them, and would return a verdict in favour of *Mason*. For want of a charge to this effect,

> The judgment of the county court is erroneous and must be reversed, and the cause pass to the county court for another trial.

SKINNER, Ch. J. and ROYCE, J. were absent.

*Isaac Fletcher* and *Augustus Young*, for the plaintiff in error.
*James Bell* and *Joshua Sawyer*, for the defendant in error.